IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-318-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Norman Howard seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is affirmed.

### Background

Plaintiff alleges that he is disabled due to a variety of ailments, including post-traumatic stress disorder ("PTSD"), an arthritic ankle, lower back problems, sleep apnea and tinnitus. *See* Administrative Record [Dkt. No. 17 ("Tr.")] at 46, 198. After his application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 21, 2014. *See id.* at 42-61. At the time of the hearing, Plaintiff was 61years old. *See id.* at 43. He is a high school graduate, *see id.* at 44, and has past work experience as a service technician, *see id.* at 56-58. Plaintiff has engaged in substantial gainful activity since October 18, 2010, but there has been

a continuous 12-month period after October 11, 2011 during which Plaintiff did not engage in substantial gainful activity. *See id.* at 26, 44-45.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from status post-ankle fracture, degenerative disc disease, obesity, and affective disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 26, 28. The ALJ further determined that Plaintiff had the residual functional capacity to perform a full range of medium work but could not return to his past relevant employment. *See id.* at 30, 33. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a hand packager, factory worker, and warehouse worker – jobs that exist in significant numbers in the national economy. *See id.* at 34.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on five general grounds: (1) the ALJ's onset date finding was not supported by substantial evidence and was the result of legal error; (2) the Appeals Council failed to consider new and material evidence concerning Plaintiff's Veteran's Administration disability rating; (3) the ALJ improperly evaluated Plaintiff's subjective complaints; (4) the ALJ's assessment of Plaintiff's residual functional capacity is not supported by substantial evidence and results from reversible legal error; and (5) substantial evidence does not support the finding that Plaintiff can perform other work in the national economy.

2

The Court determines that the hearing decision must be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions

are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements

4

to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

I.     <u>The ALJ did not err by using the onset date stated in Plaintiff's application.</u>

Plaintiff initially filed for disability insurance benefits on July 3, 2013, alleging an onset date of October 18, 2010. *See* Tr. at 165. During the administrative hearing, Plaintiff's attorney informed the ALJ that the correct onset date should be October 18,

2011, and the ALJ agreed to "make that correction." Tr. at 43-44. But, in his decision, the ALJ stated that the onset date was October 18, 2010. *See id.* at 24, 26, 35. The ALJ determined that Plaintiff had substantial gainful employment in 2011. *See id.* at 26. The ALJ also determined that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity, and "the remaining findings address the period that claimant did not engage in substantial gainful activity." *Id.*

Plaintiff contends that the ALJ's erroneous use of an incorrect disability date was harmful because the ALJ stated that he gave "careful consideration to the entire record," *see id.* at 30, which would include the time period during which the ALJ concluded Plaintiff had substantial gainful employment while contending that he was disabled, and because the ALJ found that Plaintiff's allegations were not entirely credible, in part because Plaintiff "managed to work full-time for a number of years and failed to seek any treatment until after his alleged onset date," *see id.* at 32.

Even if the ALJ's determination that Plaintiff engaged in substantial gainful activity after October 18, 2010 was erroneous, it was not harmful. Had the ALJ accepted the October 18, 2010 date as the onset date, he would have stopped the analysis after Step One once he determined that Plaintiff had engaged in substantial gainful activity. But, because the ALJ found that Plaintiff did not engage in substantial gainful employment for a continuous 12-month period after October 18, 2010, he went on to the next step.

6

II.     The Appeals Council properly considered the new evidence.

Plaintiff next contends that the disability determination is not supported by substantial evidence because the Appeals Council failed to consider new and material evidence. After the hearing, Plaintiff submitted new evidence to the Appeals Council concerning his disability rating by the Department of Veteran's Affairs ("VA"). *See* Tr. at 651.

The social security regulations provide a claimant an opportunity to submit new and material evidence to the Appeals Council for consideration when deciding whether to grant a request for review of an ALJ's decision. *See* 20 C.F.R. § 404.970(b). Evidence submitted for the first time to the Appeals Council is considered part of the record on which the Commissioner's final decision is based. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005); *see also Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 336 (N.D. Tex. 2003). Based on its internal procedures, the Appeals Council need not provide a detailed discussion about all new evidence submitted to it. *See Higginbotham*, 405 F.3d at 335 n.1.

A court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported. *See Higginbotham v. Barnhart,* 163 F. App'x 279, 281-82 (5th Cir. 2006); *Gonzalez v. Comm'r of Soc. Sec. Admin.,* No. 3:10-cv-2003-O-BF, 2012 WL 1058114, at *10 (N.D. Tex. Jan. 26, 2012), *rec. adopted*, 2012 WL 1065459 (N.D. Tex. Mar. 29, 2012). New

evidence justifies a remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003); *Moore v. Astrue*, No. 3:07-cv-2017-B, 2009 WL 5386134, at *3 (N.D. Tex. Nov. 13, 2009), *rec. adopted*, 2010 WL 165992 (N.D. Tex. Jan. 13, 2010). Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied and (2) there is a reasonable probability that it would have changed the outcome of the disability determination. *See Moore*, 2009 WL 5386134, at *3.

A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different – but it is entitled to a certain amount of weight and must be considered by the ALJ. *See Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

At the administrative hearing, Plaintiff testified that he received a 60% disability rating from the VA in May 2012. *See* Tr. at 45. The ALJ acknowledged the VA's 60% disability rating in his decision. *See id.* at 31. The ALJ also recounted Plaintiff's testimony that he was disabled because of lower back problems, among other things, and that his lower back condition was debilitating because his muscles tense up. According to the ALJ, Plaintiff claimed that he had pain medication, his back pain recurred five times weekly, he underwent physical therapy in 2013 and would continue the physical therapy, and he denied having any spinal injections or that back surgery had been recommended. *See id.* The ALJ also observed that the record did not contain evidence to support Plaintiff's testimony that he received physical therapy for his back

impairment, that Plaintiff had not been prescribed any opioid pain relief medication or any assistive device, such as a back brace or TENS unit, and that Plaintiff had not sought or been referred to any specialist for his back problems. *See id.* at 32. The ALJ explained that Plaintiff's 60% VA disability rating was not inconsistent with the ALJ's finding that Plaintiff was not completely disabled, and he gave the VA disability rating little weight. *See id.* at 33.

After the ALJ's August 1, 2014 decision, Plaintiff submitted a June 22, 2015 letter from the VA to the Appeals Council. In the letter, the VA determined that Plaintiff's "lumbosacral strain (claimed as lower back condition)" was related to his military service and assigned a 10% disability rating. The letter also states that "[w]e granted entitlement to the 100% rate effective October 19, 2011, because you are unable to work due to your service connected disability/disabilities" and that "[y]our overall or combined rating is 70% with Individual Unemployability." *Id.* at 651.

The Appeals Council denied Plaintiff's request for review, stating that "we considered the reasons you disagree with the decision and the additional evidence," specifically referring to the June 22, 2015 letter. "We found that this information does not provide a basis for changing the Administrative Law Judge's decision." *Id.* at 7-8.

Plaintiff offers no explanation as to how the new VA disability rating would have changed the outcome of the disability determination. And the Court finds that the new VA disability rating does not dilute the record to such an extent that the ALJ's decision becomes insufficiently supported.

III.    The ALJ properly evaluated Plaintiff's subjective complaints.

Plaintiff challenges the ALJ's evaluation of his subjective symptoms. Citing to Social Security Regulation 96-7 ("SSR 96-7"), the ALJ determined that Plaintiff's subjective complaints were not entirely credible. *See* Tr. at 31-32; SSR 96-7p, 1996 WL 374186 (July 2, 1996).

SSR 96-7 was subsequently superceded by Social Security Regulation 16-3p ("SSR 16-3p"), *see* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and Plaintiff argues that remand is required so the ALJ can evaluate his subjective complaints under the new regulation, *see* Dkt. No. 27 at 8-13. Plaintiff also argues that the ALJ's evaluation of his subjective complaints is not supported by the evidence.

Defendant takes no position on the retroactivity of SSR 16-3p and argues that the ALJ's assessment of Plaintiff's subjective complains was supported by the evidence whether considered under SSR 16-3p or SSR 96-7. *See* Dkt. No. 28 at 4-5.

The United States Court of Appeals for Fifth Circuit has not addressed the issue of whether SSR 16-3p is retroactive. But the District Court for the Southern District of Texas has determined that it is not. *See Mayberry v. Colvin*, Civil Action No. G-15-330, 2016 WL 7686850, at *4-*5 (S.D. Tex. Nov. 28, 2016); *see also Bagliere v. Colvin*, No. 1:16CV109, 2017 WL 318834, at *4-*8 (M.D.N.C. Jan. 23, 2017) (same).

Under the Social Security Regulations, there is a two-step process for the evaluation of a claimant's reports of pain or other symptoms. *See* 20 C.F.R. § 404.1429; 20 C.F.R. § 416.909. The first step assesses whether objective medical evidence in the record demonstrates the existence of a medical impairment "which could reasonably

be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(b). This step requires a threshold showing that the claimant has a medical condition that could produce the pain the claimant allegedly suffers. At this step, a claimant only needs to show objective evidence of some condition that could reasonably be expected to produce the pain alleged but not objective evidence of the pain itself.

Assuming an adequate showing is made, the ALJ proceeds to the second step. The second step requires the ALJ to evaluate the intensity and persistence of the symptoms, as alleged by the claimant, to determine the extent to which those symptoms affect the claimant's capacity to perform basic work activities. *See* 20 C.F.R. § 404.1529(c)(4); 20 C.F.R. § 416.929(c)(4). It is not necessary that the claimed severity be proved by objective medical evidence. The claimant's subjective complaints of symptoms need not be accepted to the extent that they are inconsistent with the available evidence, including the objective evidence of the underlying impairment and the extent to which that impairment can reasonably be expected to cause the pain alleged by the claimant.

In weighing a claimant's statements about the limiting effects of his symptoms, the ALJ is to consider all relevant evidence, including medical signs and laboratory findings, as well as the opinions of treating and non-treating medical sources, objective medical evidence, and other factors relevant to the claimant's symptoms such as daily activities; location, duration, frequency and intensity of pain and other symptoms; and measures taken (such as medication, treatment or home remedies) to alleviate those symptoms. *See* 20 C.F.R. § 404.1529(a), (c)(1)-(4); 20 C.F.R. §§ 416.929(a), 416.929(c)(1)-

11

(4). Ultimately, in determining the extent to which pain and other symptoms limit a claimant's ability to perform basic work activities, the ALJ considers the claimant's "statements about the intensity, persistence, and limiting effects of his symptoms" and evaluates those statements "in relation to the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4); 20 C.F.R. § 416.929(c)(4). When making this determination, the ALJ's decision should refer specifically to the evidence informing the ALJ's conclusion. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994) (recognizing that, while the ALJ "must articulate reasons for rejecting the claimant's subjective complaints of pain," the court has declined to apply a "rigid approach").

Because the ALJ has the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight. *See Selders v. Sullinvan*, 914 F.2d 614, 617 (5th Cir. 1990) (considerable deference should be afforded an ALJ's credibility assessment). It is not within a reviewing court's province to determine the weight of the evidence, nor is it the Court's function to substitute its judgment for that of the Commissioner if his decision is supported by substantial evidence. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Thus, so long as the ALJ points to substantial evidence in support of his decision and adequately explains the reasons for his finding on the claimant's credibility, the court must uphold the ALJ's determination. 42 U.S.C. § 405(g); *see Richardson v. Perales*, 402 U.S. 389 (1971).

Although not having the same force and effect as the regulations, the Social Security Administration issues rulings that are intended to provide guidance to ALJs

12

in the evaluation process. *See Chrysler Corp. v. Brown*, 411 U.S. 281, 295-96 (1979) (recognizing that Social Security rulings lack the force of law but acknowledging that they are persuasive); *Baty v. Barnhart*, 512 F. Supp. 2d 881, 894 (W.D. Tex. 2007) (same).

In March 2016, the Social Security Administration issued Social Security Ruling 16-3p, which provided guidance regarding how the SSA evaluates "statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims." SSR 16-3p, Title II and XVI: Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 (March 16, 2016). This Ruling superseded SSR 96-7p, which for decades provided guidance on this topic. Ruling 16-3p eliminated the use of the term "credibility" from the SSA's sub-regulatory policy, which merely brought it in line with the long-standing regulations that did not employ the term. *See* SSR 16-3p, 2016 WL 119029, at *1.

In this case, Ruling 16-3p was not issued until long after the ALJ rendered his decision and the Appeals Council denied review of the decision. Absent explicit language to the contrary, administrative rules do not ordinarily apply retroactively. *See, e.g.*, *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541-42 (6th Cir. 2007) ("We are not aware of any constitutional or statutory requirement that the Administration apply its [newly effective] policy interpretation rulings to appeals then-pending in federal courts,

13

absent, of course, ex post facto or due process concerns not present here."); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations."). Because the text of SSR 16-3p does not indicate the SSA's intent to apply it retroactively, the Court would be disinclined to do so. *See* SSR 16-3p, 2016 WL 1119029; *Mayberry*, 2016 WL 7686850, at *4-*5.

Nevertheless, when a new ruling represents a clarification, typically this does not raise issues about retroactivity. *See Clay v. Johnson*, 264 F.3d 744, 749 (7th Cir. 2001) (stating that a clarifying rule "can be applied to the case at hand just as a judicial determination construing a statute can be applied to the case at hand," and does not raise issues of retroactivity); *see generally*, *Smolen v. Chater*, 80 F.3d 1273, 1281 n.1 (9th Cir. 1996) ("We need not decide the issue of retroactivity [as to revised regulations] because the new regulations are consistent with the Commissioner's prior policies and with prior Ninth Circuit case law....").

Plaintiff urges the Court to follow *Mendenhall v. Colvin*, No. 3:14-cv-3389, 2016 WL 4250214 (C.D. Ill. Aug. 9, 2016), which holds that SSR 16-3p applies retroactively, *see id.* at *2-4 (following *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016)). The magistrate judge in *Bagliere* recently declined to do so based on an understanding that "SSR 16-3p can only apply retroactively to the ALJ's decision in this case if it merely clarifies (as opposed to changes) existing SSA policy." 2017 WL 318834, at *5, *6 (distinguishing *Mendenhall*). He found that it changes policy, where SSR 96-7p contains an entire section entitled "Credibility," which provides:

In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about the individual's credibility.

SSR 96-7p, 1996 WL 374186, at *4. "Under SSR 96-7, the probative value of a claimant's statements *depends* on the extent to which the ALJ accepts those statements as *true*." *Bagliere*, 2017 WL 318834, at *6 (emphasis in original). In contrast, SSR 16-3p eliminates the entire section entitled "Credibility" in SSR 96-7. "[W]e are eliminating the use of the term 'credibility' from our subregulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1. SSR 16-3p instructs ALJs to determine "the extent to which ... symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the [claimant's] record." *Id.* at *2. SSR 16-3 shifts the focus from a more general analysis of a claimant's truthfulness to an objective comparison of a claimant's statements to the evidence of record. *See Bagliere*, 2017 WL 318834, at *7.

But, having reviewed the old and new rulings, it is evident that the change brought about by SSR 16-3p was mostly semantic. *See Bays v. Colvin*, No. 1:15-cv-199-SMS, 2016 WL 7324705, at *7 n.6 (E.D. Cal. Dec. 14, 2016) ("Ruling 16-3p

implemented a change of diction rather than substance."); *Lockwood v. Colvin*, No. 15 C 192, 2016 WL 2622325, at *3 n.1 (N.D. Ill. May 9, 2016) (noting substantial consistence between the old and the new ruling in terms of the two-step process to be followed and the factors to be considered in the evaluation); *see, e.g., Burnstad v. Colvin*, Case No. 6:15-cv-00921-SI, 2016 WL 4134535, at 11 n.9 (D. Or. Aug. 2, 2016) (documenting differential treatment among district courts about whether SSR 16-3p should apply retroactively); *Dooley v. Comm'r of Soc. Sec.*, ___ F. App'x ___, No. 16-5146, 2016 WL 4046777, at 5 n.1 (6th Cir. 2016) (noting that because SSR 16-3p did not alter the existing rule at issue in the case before the court, the court "need not reach the issue" of whether SSR 16-3p applies retroactively). Thus, the Court need not in this case decide whether SSR 16-3p must be applied retroactively because the Court reaches the same conclusion even considering the ALJ's evaluation of Plaintiff's subjective complains in light of SSR 16-3p, as Plaintiff requests. *See, e.g., Ponce v. Colvin*, No. 4:15-cv-782-A, 2016 WL 5817515, at *3-*7 (N. D. Tex. Sept. 6, 2016).

The ALJ found that Plaintiff's ankle fracture, degenerative disc disease, obesity, and affective disorder were severe impairments but that the intensity of Plaintiff's symptoms, including pain, and the extent of the alleged functional limitations were not supported by objective findings or the record of medical evidence. According to the ALJ, Plaintiff's medically determinable impairments can reasonably be expected to produce "some" of Plaintiff's alleged symptoms but only to the extent the symptoms are consistent with the ALJ's RFC. Tr. at 31.

The ALJ found that Plaintiff had the RFC to perform medium work, which means that Plaintiff is limited to lifting 50 pounds occasionally, frequently lifting or carrying up to 25 pounds, and walking, sitting, and standing for six hours in an eight-hour day. *See id.* at 30; 20 C.F.R. § 404.1567. Plaintiff argues that the ALJ's determination that he could perform at the exertional ability required for medium work is inconsistent with the medical evidence concerning his back and ankle impairments.

The ALJ recounted Plaintiff's hearing testimony and, concerning his back and ankle impairments, stated that Plaintiff testified that his back pain was debilitating because his muscles tense up. Plaintiff claimed that he had pain medication and that his back pain recurred five times a week. Plaintiff also testified that he underwent physical therapy in 2013 and would continue with physical therapy. Plaintiff denied having any spinal injections and denied that there had been any recommendation for back surgery. Plaintiff also testified that he broke his ankle in 1988 and that the ankle fracture was surgically repaired. Plaintiff denied having a full range of motion his ankle. *See* Tr. at 31.

The ALJ noted that Plaintiff received little actual medical treatment and that the medical treatment that he did receive began about two years after his alleged onset date. The ALJ observed that diagnostic studies of Plaintiff's spine reveal a mild condition and referred to x-rays of Plaintiff's lumbar spine taken on October 17, 2013, which noted osteoporosis and degenerative changes with mild osteophytes and unremarkable alignment of the vertebral bodies, disc spaces, and SI joints. *See id.* at

17

27, 32, 583. Plaintiff points to x-rays taken on June 18, 2013, which reveal mild narrowing at L3-L4, L4-L5, and L5-S1, *see id.* at 362, and argues that the "mild" findings are inconsistent with the ALJ's determination that Plaintiff can perform medium work.

The ALJ also observed that even though the consultative examiner noted a severe restriction in the range of motion in the right ankle, no actual measurement was recorded. *See id.* at 32, 365. Plaintiff points to the consultative examiner's finding that Plaintiff is not able to dorsiflex more than 90 degrees, *see id.* at 364, and argues that, if range-of-motion findings were necessary, the ALJ should have contacted the consultative physician for clarification his findings, *see Boles v. Colvin*, No. 1:15-cv-49-BL, 2016 WL 4257441, at *7 (N.D. Tex. May 27, 2016) ("'if after weighing the evidence [the ALJ] cannot reach a conclusion about whether [the claimant] is disabled,' § 404.1520(c) provides "various options, including re-contacting a treating physician or other medical source, to resolve an inconsistency or insufficiency of evidence'" (quoting *Bentley v. Colvin*, No. 13-cv-4238-P, 2015 WL 5836029, at 8 (N.D. Tex. Sept. 30, 2015)).

The ALJ stated that the record contains no support for Plaintiff's testimony that he received physical therapy for his back impairment and that Plaintiff had not been prescribed any opioid pain relief medication or assistive, such as a back brace or TENS unit, or sought or been referred to any specialist for his back or ankle problems. An ALJ may consider the lack of need for medical treatment in evaluating a claimant's conditions. *See Villa v. Sullivan*, 895 F.2d 1109, 1024 (5th Cir. 1990). The ALJ also found that the record does not contain any opinions from treating or examining

physicians indicating that Plaintiff is disabled or has limiting conditions greater than those the ALJ found, *see* Tr. at 32, which supports a finding that Plaintiff is not disabled, *see Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).

The ALJ also found that Plaintiff described daily activities, which were considerably more limited than one would expect, given the nature of his ankle and lower back conditions and the relatively routine and conservative character of his treatment. *See id.* at 32.

The Court finds that the ALJ simply weighed the evidence in the record to determine whether it supported Plaintiff's subjective symptoms and determined that it did not. The ALJ's analysis of Plaintiff's subjective symptoms, even if it speaks in terms of "credibility" as described in SSR 97-7p, employed the correct process and evaluated the correct factors under either SSR 97-p or 13-6p.

IV.    The RFC finding and the finding that Plaintiff can perform other work in the national economy are supported by substantial evidence.

Plaintiff contends that the ALJ's determination of his residual functional capacity ("RFC") is not supported by substantial evidence and is the result of legal error.

The RFC is an assessment, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite her impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.954(a). The RFC refers to the most that a claimant is able to do despite her physical and mental limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.954(a). The ALJ considers the RFC, along with the claimant's age,

education, and work experience, to make a determination as to whether the claimant

is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "Generally, an ALJ should

request a medical source statement that describes the types of work a claimant can

still perform." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *see also Johnson v.

Astrue*, No. 3:12-cv-4175-BK, 2013 WL 3297594, at *4 (N.D. Tex. July 1, 2013). But the

absence of such a statement is only reversible error if the ALJ's decision is not

supported by substantial evidence. *See Ripley*, 67 F.3d at 557.

In *Ripley*, the ALJ ruled that the claimant could perform sedentary work even

though there was no medical evidence or testimony supporting that conclusion. *See id.*

The Court of Appeals noted that the claimant's record contained a vast amount of

evidence establishing that he had a back problem but did not clearly establish the

effect that condition had on his ability to work. *See id.* The Fifth Circuit therefore

remanded with instructions for the ALJ to obtain a report from a treating physician

regarding the effects of the claimant's back condition on his ability to work. *See id.* at

557-58. The Court of Appeals rejected the Commissioner's argument that the medical

evidence substantially supported the ALJ's conclusion because the court was unable

to determine the effects of the claimant's conditions, "no matter how 'small,'" on his

ability to work, absent a report from a qualified medical expert. *See id.* at 558 n.27.

In this case, the ALJ found that Plaintiff had the RFC "to perform medium work

as defined in 20 CFR 404.1567(c) in that he is limited to lifting 50 pounds occasionally,

and to frequently lift and/or carry up to 25 pounds, and to walk, sit and stand for 6

hours in an 8 hour work day. The claimant has the ability to understand, carryout and

remember simple, repetitive tasks with no more than occasional contact with the general public." Tr. at 30. The ALJ stated that the record does not contain any opinions from treating or examining physicians indicating that Plaintiff is disabled or has limitations greater than those in the RFC. *See id.* at 32.

Plaintiff argues that the ALJ's finding that Plaintiff has a moderate limitation in social functioning and RFC limiting him to only occasional public contact fails to accommodate his mental impairments because the RFC did not also limit his ability to work with co-workers and supervisors. The ALJ noted Plaintiff's testimony about his "interpersonal problems, including throwing things, talking back, and smarting off to others" and that he was fired from his job when his PTSD worsened in 2011. Tr. at 31. But Plaintiff also testified that he was fired because he was accused of stealing from another employee. *See id.* at 47. Plaintiff further testified that he collected unemployment benefits for 80 weeks after being fired and sought employment during that time, *see id.*, and the ALJ noted that Plaintiff admitted to receiving unemployment benefits, *see id.* at 33. A finding that Plaintiff can only have occasional contact with the public is consistent with an individual who has difficulty dealing with other people.

Plaintiff also argues that he cannot perform a full range of medium work because activity makes both his ankle and back pain worse. But he fails to suggest any additional limitations required to accommodate his back impairment or the lack of range of motion in his ankle. And "[p]ain constitutes a disabling condition when it is 'constant, unremitting, and wholly unresponsive to therapeutic treatment.'" *Falco v.*

*Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (quoting *Selders v. Sullivan*, 914 F.2d 614, 618-19 (5th Cir. 1990)). Not all pain is disabling, and subjective evidence need not be credited over conflicting medical evidence. *See Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992). "It is important to note that the test for disability under the Social Security Act is not satisfied merely because Plaintiff cannot work without some pain or discomfort." *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983).

Plaintiff also argues that the ALJ's hypothetical question to the vocational expert ("VE") was incomplete because the ALJ improperly evaluated his subjective complaints. In the hypothetical question posed the VE, the ALJ asked whether an individual "who had moderate difficulties in social functioning such that they were limited to no more than occasional contact with supervisors and the general public and co-workers ... [and was] limited to simple, routine, repetitive tasks consistent with unskilled work" would be precluded from Plaintiff's past work. *Id.* at 58. The ALJ then asked whether an individual with an RFC "for medium exertional work, that is occasionally lifting and carrying 50 pounds, frequently lifting and carrying 25 pounds; standing and walking for about six hours in an eight hour workday; sitting for about six hours in an eight hour workday; no limitations with regard to pushing, pulling, operation of hand and foot controls; capable of frequent climbing of ramps and stairs; occasional climbing of ladders, ropes and scaffolds; and frequent stooping, frequent crouching or drawling" could perform jobs that exist in the economy. *Id.* at 58-59. The VE answered that he could. Plaintiff's attorney did not ask any follow-up questions.

The ALJ is only obligated to reasonably incorporate into his hypothetical all of Plaintiff's disabilities that the ALJ recognized. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001).

The Court has determined that the ALJ properly evaluated Plaintiff's subjective complaints. And the hypothetical questions included all of Plaintiff's functional limitations supported by the record and recognized by the ALJ.

## Conclusion

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: February 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE